Filed 10/15/15  P. v. Sikes CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THOMAS C. SIKES,<br><br>    Defendant and Appellant. | D067862<br><br><br><br>(Super. Ct. No. SCE342694) |

APPEAL from a judgment of the Superior Court of San Diego County, Patricia K. Cookson, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Thomas C. Sikes of one count of assault with force likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(4)) and one count of willful cruelty to an elderly adult likely to produce great bodily injury (§ 368, subd. (b)(1)). As to both counts the jury found Sikes inflicted great bodily injury upon the victim who was over 70 years of age (§ 12022.7, subds. (a), (c)).

The court sentenced Sikes to a total term of eight years in prison.

Sikes appeals contending the trial court erred in permitting the prosecution to introduce the preliminary hearing transcript of a witness who refused to testify at trial. He also contends the court committed prejudicial error in allowing Sikes to be cross-examined about a prior incident of road rage.

We are satisfied the trial court correctly allowed the introduction of the prior testimony of an unavailable witness and that it properly admitted evidence of a prior incident in which Sikes attacked another motorist.

STATEMENT OF FACTS

The events in this case took place on the morning of April 30, 2014. On that date, the victim in this case, 76-year-old Ronald Torncello, drove into a CVS parking lot and parked in a handicapped spot. As he drove into the lot he was using his cell phone. The victim apparently cut off Sikes as he was driving through the lot.

Sikes got out of his vehicle and approached the victim's parked car screaming and recording the event on his cell phone. Sikes was complaining that the victim had been

_____

[1]    All further statutory references are to the Penal Code unless otherwise specified.

driving while on the cell phone. Sikes was waiving his cell phone and said "I've got you on video." The victim told him to go away. Shortly after that Sikes approached the car, coming close to the door. The victim opened the door, told Sikes to "get out of my face" and "flipped him off." As the victim got partly out of the door, Sikes hit him in the face with a closed fist. The victim fell back into his car and his face began to bleed.

Donald Gilbert,[2] who witnessed Sikes punch the victim, ran toward the men, yelling at them. When Gilbert reached the victim's vehicle he got between the men and told Sikes to "pick on someone your own size."

Torncello was severely injured, was hospitalized for a week and had two surgeries. At the time of trial the victim was facing the possibility of a third surgery.

### Defense

Sikes testified about the event. He said he was driving in the parking lot when Torncello drove in front of him. He observed Torncello parked in a handicapped space and walked over to him. Sikes went to his window to discuss the victim's driving. The victim looked at Sikes and said "F. . . you."

Sikes returned to his car to get the camera on his cell phone. When he returned to the victim's car to discuss the erratic driving, the victim "flipped him off."

As Torncello started to get out of his car he "kneed" Sikes in the groin. At that point Sikes struck the victim in the face with the heel of his open hand.

---

2     Gilbert refused to testify at trial and the court admitted his testimony at the preliminary hearing.

Sikes recalled the victim said something about having a gun and another man came up saying "crazy" things, so Sikes left. Sikes did not know the victim's age at the time of the events in this case.

## DISCUSSION

## I

### *ADMISSION OF GILBERT'S PRIOR TESTIMONY*

Sikes contends the court erred in permitting the prosecution to use Gilbert's prior testimony. Sikes argues that although Gilbert steadfastly refused to testify before a jury, even under threat of jail, the court should not have found him unavailable. Further, Sikes argues the defense cross-examination at the preliminary hearing was inadequate such that he was deprived of the Sixth Amendment right of confrontation.

### A. Background

The trial court held a hearing to determine if Gilbert was unavailable. Gilbert testified at that hearing that he would refuse to testify. Gilbert said he had recently been released from prison where he was the "shot caller" for a white prison gang. He said that if he testified for the District Attorney, it would place family members, who are in prison, in serious danger. The court tried multiple times to get Gilbert to testify, including the possibility of jail. Gilbert responded: "I'm not going to do it. You do what you have to do. . . . I have 31 years in prison. You can't threaten me with jail." The court persisted in attempting to coax Gilbert to testify, but ultimately concluded nothing would compel him to do so. The court found Gilbert to be unavailable.

## B. Legal Principles

Evidence Code section 1291 allows the admission of prior testimony under oath where the declarant is unavailable and the defendant has had the opportunity to cross-examine the witness with the same motive and interest as existed at the time of trial when the testimony was admitted. (*People v. Wilson* (2005) 36 Cal.4th 309, 341-343.)

A criminal defendant has the constitutional right to confront and cross-examine witnesses against him or her. (*Pointer v. Texas* (1965) 380 U.S. 400, 403-405.) An exception to the confrontation requirement exists where the witness is unavailable and was subject to cross-examination by the defendant in the same case. (*Crawford v. Washington* (2004) 541 U.S. 36, 59; *People v. Carter* (2005) 36 Cal.4th 1114, 1172-1173.)

The test of cross-examination is the opportunity that existed at the time of the prior testimony, not whether at the time of trial counsel perceives the cross-examination was not as extensive or effective as counsel might have preferred. (*United States v. Owens* (1988) 484 U.S. 554, 559; *People v. Carter, supra*, 36 Cal.4th at p. 1173.)

In determining whether the trial court properly found a witness unavailable we review the development of the historical facts under the substantial evidence standard of review. Once the historical facts are determined we independently decide if the witness was properly found to be unavailable. (*People v. Cromer* (2001) 24 Cal.4th 889, 901.)

In order for a trial court to find a witness's refusal to testify to amount to unavailability, the court must engage in meaningful efforts to try to gain the witness's cooperation. The court however does not need to go to extreme measures where the

5

record is clear that there is no action the court can take to get the reluctant witness to cooperate. (*People v. Smith*, *supra*, 30 Cal.4th at pp. 623-624; *People v. Walker* (1983) 145 Cal.App.3d 886, 893-894.)

## C. Analysis

The record demonstrates the trial court went to considerable lengths to get Gilbert to agree to testify. It is very clear the witness would not be persuaded. He had been in prison and was involved in a prison gang. He was not the least bit intimidated by the possibility of contempt. The court's careful and lengthy inquiry of the witness leaves no doubt he was unavailable to testify at trial.

Sikes complains that counsel at the preliminary hearing did not adequately cross-examine the witness. Although the examination was brief, it appears counsel explored the witness's observations and his location during those observations. Clearly counsel cross-examined the witness with the same motive and interest as would be the case at trial. The test is the opportunity for meaningful cross-examination. The fact trial counsel would have preferred more cross-examination is not the test of confrontation. (*People v. Carter, supra*, 36 Cal.4th at pp. 1172-1173.)

We find the record factually supports the finding of unavailability of the witness and the opportunity for cross-examination. The trial court acted well within its discretion under Evidence Code section 1291 in admitting Gilbert's prior testimony.

## II

### *EVIDENCE OF PRIOR ACTS*

At trial the court permitted the prosecution to cross-examine Sikes about a previous confrontation with another driver over a traffic incident. Sikes denied attempting to strike that driver. Thereafter the court allowed testimony from the driver in the uncharged incident. Sikes argues the court abused its discretion in admitting the evidence. He contends that in the context in which it was presented it amounted to propensity evidence showing Sikes's "propensity" to get enraged in traffic incidents.

As we will explain, given Sikes claimed he acted in self-defense when Torncello "kneed" him, the cross-examination regarding the uncharged incident and the subsequent rebuttal evidence were relevant to Sikes's intent in the circumstances of the present case.

### A. Background

A witness, Billy Taylor, testified about an incident in 2011. At that time Taylor was driving his car and had stopped on a city street so that someone in his car could make a drop at the post office on Second Street in El Cajon. Sikes was a passenger in a car that was apparently slowed by the manner in which Taylor had stopped his car. This apparently upset Sikes to the point that he walked up to the driver side of Taylor's car and got into a confrontation. At some point Sikes attempted to punch Taylor through the open car window. The evidence was offered in rebuttal to Sikes's testimony that he had hit Torncello in the face with his open hand in self-defense after he had been "kneed" by Torncello.

7

## B. Legal Principles

Evidence of other uncharged acts is admissible under Evidence Code 1101 to prove a relevant character trait. Evidence of specific acts may be admitted under Evidence Code section 1101, subdivision (b), where it is relevant to show the defendant's motive, intent, common scheme or plan, or identity. It is not admissible to show the defendant's propensity to commit crimes. (*People v. Fuiava* (2012) 53 Cal.4th 622, 695.)

Similarity of the past acts to those charged is an important consideration. The greatest degree of similarity is required where the past acts are admitted to prove identity. A lesser degree of similarity is required to show the actor's intent. (*People v. Ewoldt* (1994) 7 Cal.4th 380, 402-403.)

Under Evidence Code section 1103 specific instances of misconduct are admissible if they are relevant to show later conduct by the defendant in conformance with the established character trait. (*People v. Fuiava, supra*, 53 Cal.4th at p. 695.)

The trial court has broad discretion under Evidence Code section 352 to admit or reject evidence of past uncharged acts. (*People v. Carter, supra*, 36 Cal.4th at pp. 1166-1167; *People v. Thornton* (2007) 41 Cal.4th 391, 444.) We review the trial court's decisions regarding such evidence under the abuse of discretion standard. We will only overturn such decisions where the record establishes a manifest abuse of discretion. (*People v. Holloway* (2004) 33 Cal.4th 96, 134; *People v. Shoemaker* (1982) 135 Cal.App.3d 442, 446-448.)

## C.  Analysis

Sikes testified he only struck the victim after he had been assaulted and thus acted in self-defense.  The evidence of the 2011 incident was highly relevant to Sikes's intent in the present case.  In each instance Sikes reacted in a wildly excessive manner to slight irritation.  Both perceived affronts occurred in a traffic setting.  In the present case apparently the victim drove in front of Sikes, causing Sikes no harm.  Here he denied purposely striking the victim.  However, the evidence was that he delivered a severe blow to the victim's face.  In the 2011 incident he attempted to hit that driver in the face, but was thwarted when the driver grabbed Sikes's arm and held it.

In our view, the trial court acted well within its discretion in finding the prior act evidence admissible to show intent and concluded the probative value of the evidence outweighed any prejudice.  We find no error in admitting the challenged evidence.

## DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


McINTYRE, J.

9